IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NORTH COLLIN SPECIAL UTILITY DISTRICT,** *a political subdivision of the State of Texas*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-2-ALM-KPJ |
| **CITY OF PRINCETON, TEXAS** | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant City of Princeton, Texas's ("Princeton") "Motion to Dismiss, or Alternatively, Transfer Plaintiff's Complaint Based on First-to-File Rule, and Motion to Dismiss Pursuant to Rule 12(b)(1), Rule 12(b)(6), Rule 12(b)(7), and Motion for More Definite Statement" (the "Motion") (Dkt. 12). For the reasons that follow, the Court recommends the Motion (Dkt. 12) be **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

The Motion (Dkt. 12) implicates both the instant lawsuit, 4:23cv2-ALM-KPJ (the "EDTX Case"), and the lawsuit *North Collin Special Utility District v. Peter Lake, et al.*, 1:21cv807-DAE, filed in the United States District Court for the Western District of Texas (the "WDTX Case"). *See* Dkt. 12 at 2–6. On September 13, 2021, Plaintiff North Collin Special Utility District ("North Collin")[1] filed the WDTX Case against various Commissioners and the Executive Director of the

---

[1] As a political utility district, North Collin is a political subdivision of Texas. *See* Tex. Water Code § 65.011 ("A special utility district may be created under and subject to the authority, conditions, and restrictions of, and is considered a conservation and reclamation district under Article XVI, Section 59, of the Texas Constitution."); *see also Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 465 n.1 (5th Cir. 2020) (en banc) ("'The people of Texas, in adopting . . . Article XVI, Section 59, have very plainly set forth that they decree these districts to be

Public Utility Commission of Texas (the "PUC") and Meritage Homes of Texas, LLC ("Meritage"). *See* 1:21cv807-DAE, Dkt. 1.[2] In the WDTX Case, North Collin asserts claims under 7 U.S.C. § 1926(b) ("Section 1926(b)"), 42 U.S.C. § 1983 ("Section 1983"), and U.S. Constitution Article VI, Clause 2 (the "Supremacy Clause"). *See id.* at 1–2. North Collin asserts that it holds the right to be the exclusive water service provider within its Certificate of Convenience and Necessity ("CCN") so long as, pursuant to Section 1926(b), it has "provided or made available" service. *See id.* at 2–3, 8. North Collin asserts that a certain property owned by Meritage (the "Meritage Property") is located within North Collin's CCN. *See id.* at 8, 11–12. On June 30, 2021, pursuant to Texas Water Code § 13.2541 ("Section 13.2541"), Meritage filed a decertification petition (the "Petition"), in which it sought the Meritage Property's release from North Collin's CCN. *See id.* at 8. North Collin asserts that it has "provided or made available" service to the Meritage Property. *See id.* North Collin argues Section 1926(b) preempts Section 13.2541 and, thus, North Collin's compliance with Section 1926(b) precludes both Meritage's ability to petition for decertification under Section 13.2541 and the PUC's ability to grant the Petition. *See id.* at 5–9. The WDTX Case is in its later stages; while it has not yet been set for trial, the dispositive motions deadline has passed, and two motions for summary judgment are fully briefed and currently pending. *See* 1:21cv807-DAE, Dkts. 91, 94, 95.

In the EDTX Case, North Collin alleges "Princeton is providing water service to customers in competition with North Collin and within North Collin's Service Area," in violation of North Collin's rights under Section 1926(b). Dkt. 1 at 4. Specifically, North Collin alleges that Princeton

---

governmental agencies and bodies politic.'" (quoting *Bennett v. Brown Cnty. Water Imp. Dist.*, 272 S.W.2d 498, 501 (1954))).

[2] Throughout this Report and Recommendation, the Court refers primarily to filings in the EDTX Case. When doing so, the Court will cite to only "Dkt. [number]." To denote citations to filings in the WDTX Case, the Court will include "1:21cv807-DAE."

2

"has stated that it intends to provide water service to properties and proposed developments within North Collin's CCN owned or claimed to be owned by two entities, [Meritage] and GRBK Edgewood LLC [("GRBK")]."[3] *Id.* at 5. North Collin further contends Princeton's actions constitute a violation of Section 1983. *See id.* at 1. North Collin seeks the following relief against Princeton: declaratory judgment, injunction, and constructive trust. *Id.* at 7–9.

On February 3, 2023, Princeton filed the Motion (Dkt. 12), to which North Collin filed a response (Dkt. 17), and Princeton filed a reply (Dkt. 21). In the Motion (Dkt. 12), Princeton advances arguments pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(7), 12(e), and the first-to-file rule. *See* Dkt. 12 at 11–24.

## II.   LEGAL ANALYSIS

### A. Subject-Matter Jurisdiction

#### 1. Legal Standard

Rule 12(b)(1) provides that a party may assert by motion the defense of lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 118, 1187 (2d Cir. 1996)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *See Ramming*, 281 F.3d at 161.

---

[3] The property owned by GRBK will be referred to as the "GRBK Property."

Addressing Rule 12(b)(1) arguments first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*[4]

2. *Analysis*

"Under the Consolidated Farm and Rural Development Act, [the U.S. Department of Agriculture ("USDA")] is 'authorized to make or insure loans' to rural water and sewer utilities for 'the conservation, development, use, and control of water . . . primarily serving farmers, ranchers, farm tenants, farm laborers, rural businesses, and other rural residents.'" *Green Valley*, 969 F.3d at 475 (quoting 7 U.S.C. § 1926(a)(1)). "To ensure that federally indebted utilities repay their loans, Congress enacted a provision protecting utilities from curtailment and encroachment by municipalities and other public bodies." *Id.* This provision states:

> The service *provided or made available* through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan . . . .

7 U.S.C. § 1926(b) (emphasis added). Recently, the Fifth Circuit considered the meaning of the statutory language "provided or made available." *See Green Valley*, 969 F.3d at 475–78. The Fifth Circuit held that to comply with this provision of Section 1926(b), "a utility must show that it has (1) adequate facilities to provide service to the area within a reasonable time after a request for service is made and (2) the legal right to provide service." *Id.* at 477 (citing *Le-Ax Water Dist. v. City of Athens*, 346 F.3d 701, 705–07 (6th Cir. 2003)).[5]

---

[4] Princeton advances as its primary argument that the Court should apply the first-to-file rule, and Princeton advances the remainder of its arguments as alternative arguments. *See* Dkt. 12 at 11–13. The Court finds it appropriate to first address Princeton's jurisdictional challenge, which, if valid, would deprive the Court of the power to adjudicate this case, before addressing the remainder of Princeton's arguments.

[5] In so holding, the Fifth Circuit overruled *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910 (5th Cir. 1996) (per curiam). *See Green Valley*, 969 F.3d at 477, 479.

Princeton argues that because North Collin's complaint (the "Complaint") (Dkt. 1) does not allege with sufficient specificity the facts underlying these two factors, it is "insufficient to invoke jurisdiction" under Section 1926(b). Dkt. 12 at 14. North Collin responds that this argument is not jurisdictional but rather "is effectively raising factual challenges, which is inappropriate for a motion to dismiss under 12(b)(1)." Dkt. 17 at 15.

The Court agrees with North Collin. Princeton contends that "several prefatory paragraphs [of the Complaint (Dkt. 1)] simply refer to 'customers' or 'potential water customers.'" Dkt. 12 at 14. Princeton argues that "[t]hese allegations are insufficient to invoke jurisdiction because North Collin does not affirmatively state that it has 'nearby facilities' and can provide service 'to the areas specified' within a reasonable time." *Id.* In its reply, Princeton likewise frames its argument as one regarding sufficiency of the facts alleged in the Complaint (Dkt. 1). *See* Dkt. 21 at 7 ("[W]hile the pleading bar for a §1926(b) claim is a hill and not a mountain, a plaintiff must still surmount it."). Princeton's argument is less an argument as to the Court's statutory or constitutional power to adjudicate this case and more an argument as to North Collin's failure to meet the pleading standards for claims under Section 1926(b). Therefore, Princeton's argument is properly considered under Rule 12(b)(6). *See Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) ("In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. May 1981))).

Accordingly, the Court recommends denying Princeton's Rule 12(b)(1) challenge.[6]

---

[6] Princeton raises the identical substantive arguments pursuant to Rule 12(b)(6). *See* Dkt. 12 at 19. The Court will consider Princeton's 12(b)(6) arguments *infra*.

**B. First-To-File-Rule**

   1. *Legal Standard*

"'Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.'" *Def. Distrib. v. Platkin*, 55 F.4th 486, 494 (5th Cir. 2022) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)); s*ee also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952). "The rule rests on principles of comity and sound judicial administration." *Cadle*, 174 F.3d at 603 (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *W. Gulf Mar. Ass'n* v. *ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). The rule's ultimate aim is to avoid three potential, undesirable outcomes: (1) "the waste of duplication," (2) "rulings which may trench upon the authority of sister courts," and (3) "piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n*, 751 F.2d at 729. "'Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Save Power*, 121 F.3d at 951 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996))."'In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case.'" *Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 F. App'x 225, 227 (5th Cir. 2017) (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (brackets omitted)).

   2. *Analysis*

Both the EDTX Case and the WDTX Case involve the Meritage Property. The EDTX Case broadly encompasses Princeton's provisions of water service to tracts within North Collin's CCN

overall. *See* Dkt. 1 at 5, 7. As an initial matter, the parties contest whether the additional property in the EDTX Case increases or dilutes the overlap of the cases. Princeton argues generally that the WDTX Case and the EDTX Case substantially overlap, as each case involves an "Equitable § 1926(b) Claim related to Meritage Development and Princeton water service." Dkt. 12 at 7. More specifically, Princeton argues that because North Collin seeks a finding that it can serve the Meritage Property (located within North Collin's CCN) in the WDTX Case, and North Collin seeks a finding that it can serve its entire CCN (including the Meritage Property) in the EDTX Case, the potential for conflicting rulings is high. *See* Dkt. 21 at 5.

North Collin argues that the two cases are different because the EDTX Case seeks "(1) to adjudicate a dispute over property that is outside the bounds of the administrative action in dispute in the WDTX Case, and (2) to adjudicate causes of action and remedies separate from those in the WDTX Case." Dkt. 17 at 1–2. North Collin further argues that "what is being litigated" in the WDTX Case is North Collin's Section 1926(b) rights as to one piece of property within its CCN (the Meritage Property) and the injunction of Meritage's decertification petition. Dkt. 17 at 11 ("The WDTX Case is adjudicating the narrow issue of whether Texas Water Code § 13.2541 is preempted by 7 U.S.C. § 1926(b) as it applies to the Meritage Decertification Property and Meritage's § 13.2541 decertification."). North Collin contends that in the EDTX Case, by contrast, "North Collin seeks to enjoin [Princeton] from encroaching on any property within North Collin's CCN in violation of § 1926(b) and for damages for lost net revenue suffered by North Collin for such encroachment." *Id.* at 5. The Court finds that, ultimately, the degree of overlap falls short of substantial.

"Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power*, 121 F.3d at 951. Thus, the fact that

the parties in the EDTX Case are not identical to those in the WDTX Case is not itself a reason to find that these cases do not substantially overlap. Although North Collin is the plaintiff in both the EDTX Case and the WDTX Case, there is no overlap at all between the defendants in the WDTX Case (Meritage, various Commissioners of the PUC, and the Executive Director of the PUC) and the defendant in the EDTX Case (Princeton). This lack of any overlap underscores the differences between the two cases. While the respective injunction requests in the two cases are both made pursuant to Section 1926(b), and both cases involve the Meritage Property, at least in part, the requests are targeted at different objects—the PUC's granting the Petition (WDTX Case) versus Princeton's alleged agreements to serve multiple tracts of land within North Collin's CCN (EDTX Case).

Moreover, this forum has an interest in resolving the EDTX Case. *See Save Power*, 121 F.3d at 951. The Western District has an interest in resolving the WDTX Case, as the Texas state officials sued in that case reside for purposes of suit in Austin, Texas, which is located within the Western District. However, no Texas state official is sued in the EDTX Case; as it currently stands, the EDTX Case is between two parties who both reside in the Eastern District, over a territory located entirely within the Eastern District.

The Court is mindful of Princeton's argument that if this lawsuit were permitted to proceed, confusion could ensue. For example, if in the EDTX case, North Collin proved the elements of its 1926(b) claim, and in the WDTX case, North Collin did not, rulings that (1) North Collin has the right to serve its entire CCN (including the Meritage Property) and (2) North Collin does not have the right to serve the Meritage Property, would both exist. *See In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *8 (E.D. Tex. Oct. 21, 2020) ("The 'purpose of the comity principle is of paramount importance' for the federal judiciary, protecting federal courts from

8

'unnecessary burden[s]' and 'the embarrassment of conflicting judgments.'" (quoting *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016))).

However, this possibility is best dealt with by staying the EDTX Case pending the resolution of the WDTX Case. "[I]t has been a longstanding practice for courts to stay proceedings when there are two related cases pending in different federal courts." *Zurich Am. Ins. Co. v. Carter & Carter Constr., LLC*, No. 4:22-CV-00196, 2022 WL 17330463, at *4 (E.D. Tex. Nov. 29, 2022) (collecting cases). Indeed, "there is an inherent power in [a court], when presented with an appropriate motion, to stay the proceedings before it in deference to the related action." *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Substantial overlap is not present as to the two cases as a whole. However, given the overlap as to the Meritage Property, this Court should defer to the court in which the WDTX Case is pending for resolution of whether North Collin can prove the elements of Section 1926(b) as to the Meritage Property, as the WDTX Case is much further along than this case; discovery has already closed and a decision has been rendered (albeit on a motion for preliminary injunction) as to North Collin's ability to satisfy the Section 1926(b) requirements regarding its ability to serve the Meritage Property. *See* 1:21cv807-DAE, Dkts. 87, 91. Such deferral of this issue will avoid duplicative discovery on the issue of whether North Collin can prove the Section 1926(b) requirements as to the Meritage Property and will avoid possibly inconsistent rulings on overlapping legal issues.

9

Accordingly, the Court recommends finding that the first-to-file rule does not apply to the instant case; however, the EDTX Case should be stayed pending resolution of the WDTX Case.

### C. Failure to State a Claim

#### 1. Legal Standard

Rule 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, (1986)). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotations omitted).

    2. *Analysis*

        a. *Section 1983 Claim*

42 U.S.C. § 1983 provides a cause of action against persons who, under color of state law, deprive a plaintiff "of any rights, privileges, or immunities secured by the Constitution." *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020) (quoting 42 U.S.C. § 1983). "To state a claim under Section 1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

Princeton argues that cities and political subdivisions, such as North Collin, are not proper plaintiffs under Section 1983, as squarely ruled upon by the Fifth Circuit in *City of Safety Harbor v. Birchfield*, 529 F.2d 1251 (5th Cir. 1976). *See* Dkt. 12 at 17. North Collin responds that *Green Valley*, a case upon which Princeton relies, "hinted" that *Birchfield* may have been incorrectly decided, and that *Birchfield* was overruled by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). *See* Dkt. 17 at 17 n.5. In its reply, Princeton argues that since *Birchfield* has not been overruled, it is precedent, which the Court is bound to follow. *See* Dkt. 21 at 8.

Under the Fifth Circuit's rule of orderliness, "three-judge panels . . . abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting *en banc*." *Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) (internal quotations omitted). "Fifth Circuit precedent is implicitly overruled if a subsequent Supreme Court opinion establishes a rule of law inconsistent with that precedent." *Id.* (internal quotations omitted). "[F]or a Supreme Court decision to override

11

a Fifth Circuit case, the decision must unequivocally overrule prior precedent; mere illumination of a case is insufficient." *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) (quotation omitted).

In *Green Valley*, the Fifth Circuit noted the defendants "correctly observe that [*Birchfield*] held that municipalities and political subdivisions are not proper parties under § 1983." *Green Valley*, 969 F.3d at 474 (citing *Birchfield*, 529 F.2d at 1253). In a footnote, the *Green Valley* court observed that the Fifth Circuit has "not formally overruled *Birchfield*, though *one of* the rationales undergirding it has been abrogated" by *Monell*. *See id.* at 474, n.26 (emphasis added). The court further observed the holdings of other circuits that municipalities may be proper § 1983 plaintiffs "*may well* be more faithful to § 1983's text than is *Birchfield*." *Id.* (emphasis added). As this discussion from *Green Valley* makes clear, the ultimate fate of *Birchfield* is unclear, and there remains a colorable argument that *Birchfield* remains consistent with current Supreme Court precedent; North Collin's characterization that *Green Valley* "hinted" that *Birchfield* may no longer be consistent with current Supreme Court precedent underscores this point. Dkt. 17 at 17, n.15.[7]

Accordingly, the Court finds that it is bound to follow *Birchfield* and recommends finding that North Collin has failed to state a claim under Section 1983. *Accord N. Collin Special Util. Dist. v. Lake*, No. 1:21-CV-807-DAE, 2023 WL 2561730, at *3 (W.D. Tex. Jan. 11, 2023).

   b. *Section 1926(b) Claim*

In general, Princeton takes issue with the lack of specificity of North Collin's allegations as pleaded in the Complaint (Dkt. 1). *See* Dkt. 12 at 14–17. In particular, Princeton identifies that the only properties explicitly mentioned in the Complaint (Dkt. 1) are the Meritage Property and

---

[7] Neither party has cited, nor has the Court found, a Fifth Circuit case subsequent to *Green Valley* that has addressed the status of *Birchfield*.

the GRBK Property. *See id.* at 15 (citing Dkt. 1, ¶14). North Collin argues that the allegations in the Complaint (Dkt. 1) are similar to the allegations in other cases that have withstood 12(b)(6) challenges. *See* Dkt. 17 at 14–16. North Collin quotes the following from *Dobbin Plantersville Water Supply Corp. v. Lake*, No. 1:21-CV-00612-RP, 2022 WL 2718985 (W.D. Tex. July 13, 2022), *R. & R. adopted*, 2022 WL 5568377 (W.D. Tex. Aug. 4, 2022):

> Dobbin alleges that it has "nearby facilities/infrastructure maintained by DP (facilities on/within or immediately adjacent to the properties described in the Decertification Petitions)" and the "physical ability to provide water service immediately or within a reasonable period of time to said properties." Whether Dobbin has sufficient infrastructure and adequate facilities to provide water within a reasonable amount of time is a fact issue that cannot be determined at the motion to dismiss stage. Based on Dobbin's allegations, the Court finds that Dobbin has sufficiently pled entitlement to § 1926(b)'s protection. *See* [*Rockett Special Util. Dist. v. McAdams*, No. A-20-CV-1207-RP, 2021 WL 8081920 (W.D. Tex. July 30, 2021), *R. & R. adopted sub nom. Rockett Special Util. Dist. v. Botkin*, No. 1:20-CV-1207-RP, 2021 WL 8082384 (W.D. Tex. Sept. 30, 2021)] (finding the plaintiff adequately pleaded a violation of § 1926(b) where it alleged "nearby facilities and infrastructure" and ability to "provide water service to the areas specified in the Decertification Petitions within a reasonable time after a request for service is made").

*Dobbin*, 2022 WL 2718985, at *7 (internal citations omitted). This passage does stand for the proposition that pleadings for a 1926(b) claim need not be "detailed or robust." *Rockett*, 2021 WL 8081920, at *7. However, the scope of the instant case versus the scopes of *Dobbin* and *Rockett* make the latter cases inapposite. As the above passage demonstrates, at issue in *Dobbin* and *Rockett* were areas specified in decertification petitions. Similarly, in the WDTX Case, the complaint alleged that the decertification of the Meritage Property interfered with North Collin's rights under Section 1926(b). *See* 1:21cv807-DAE, Dkt. 1. In all of these cases, where there was a pending decertification petition, it was plausible that the granting of the petition would interfere with the special utility district's Section 1926(b) rights as to the tract covered by the petition.

13

However, the scope of the instant case is significantly broader; North Collin asserts that it is "Seeking to Enforce its Federal Rights for the Entirety of its [CCN]." Dkt. 17 at 3. Aside from facts alleged as to Princeton's conduct vis a vis the Meritage Property and the GRBK Property, North Collin generally refers to "Princeton's interference with potential North Collin water customers." Dkt. 1 at 8. North Collin also refers to "Princeton's annexation of land within the CCN boundaries of North Collin," *id.*, but nowhere in the Complaint (Dkt. 1) does North Collin allege facts as to particular actual or threatened annexations, *see generally id.* As to conduct by Princeton beyond the Meritage Property and GRBK Property, North Collin has failed to plead facts to move their claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Rather, the Court is unable to "infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678.[8]

  c. *Declaratory Judgment*

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C § 2201(a)). The Court engages in the "three-step inquiry" of (1) "whether an 'actual controversy' exists between the parties" in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "[Supreme Court] decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having

---

[8] North Collin's response includes an attachment to, and discussion of, a service agreement regarding the "Eastridge" tract (Dkt. 17-1). However, this service agreement was not referenced in, nor was it attached to, the Complaint (Dkt. 1). Accordingly, in its consideration of Princeton's 12(b)(6) claims, the Court does not consider this service agreement. *See Randall D. Wolcott*, 635 F.3d at 763 ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc.*, 439 U.S. at 127 (quoting *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240–41 (1937)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Declaratory Judgment Act "does not provide a federal court with an independent basis for exercising subject-matter jurisdiction." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001). Rather, "the relevant cause of action must arise under some other federal law." *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996) (internal quotation omitted).

In the Complaint (Dkt. 1), North Collin's requests for declaratory judgment are as follows:

[Request 1]:

North Collin seeks to have this Court declare the rights and other legal relations of North Collin and Princeton concerning the effect of Princeton's annexation of land within the North Collin territory, actual and threatened water service by Princeton, and Princeton's interference with potential North Collin water customers within the North Collin territory for which North Collin has made water supply services available, i.e., to which North Collin has sufficient facilities from which water supply services can be provided within a reasonable time.

[Request 2]:

North Collin also seeks to have this Court declare the rights and legal relations of North Collin and Princeton, with respect to Texas state laws which are preempted by § 1926(b), as referenced above in this Complaint.

Dkt. 1 at 8. Princeton argues that "[i]t is not immediately clear that North Collin's request for a declaratory judgment even raises a federal question" and that "North Collin attempts to stitch

15

together a request for a declaratory judgment related to unspecified annexations allegedly enacted by Princeton at unspecified times." Dkt. 12 at 17–18. North Collin argues that, until Princeton identifies which state laws Princeton believes entitles it to violate North Collin's rights under Section 1926(b), North Collin cannot identify which state laws it requests be declared preempted by Section 1926(b). *See* Dkt. 17 at 22–24.

The Court finds that Request 1 has not stated a claim upon which relief can be granted. First, it is not clear to which substantive cause of action this request arises. While the underlying lawsuit itself is based primarily on Section 1926b), Request 1 is not explicitly limited to the relief North Collin could receive under Section 1926(b). Even if the Court finds that Request 1 is so limited, declaratory relief would not be appropriate. The Declaratory Judgment Act itself does not limit declaratory judgment to situations where such relief is the only relief that is or could be sought. *See* 28 U.S.C § 2201(a) (". . . [A]ny court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). Even though the Declaratory Judgment Act contains no such limitation, however, the Fifth Circuit has continued to hold that "the Declaratory Judgment Act's purpose is to allow 'parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy.'" *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 933 (5th Cir. 2023) (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990)).

If North Collin proves the elements of a Section 1926(b) claim, an injunction would likely be the appropriate relief; North Collin contemplates as much, as the Complaint (Dkt. 1) contains a request for an injunction. Additionally, as has been explained above, the contours of this case as alleged in the Complaint (Dkt. 1) are not "definite and concrete." *Orix Credit All.*, 212 F.3d at 895.

16

Accordingly, as this case is currently pleaded, it is not suited for the "early adjudication" that declaratory judgment is meant to afford. *Braidwood Mgmt.*, 70 F.4th at 933.

Further, the Court finds that Request 2 does not state a claim upon which relief can be granted because North Collin's preemption claims arise as anticipated or potential federal defenses. The federal question statute, 28 U.S.C. § 1331, provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a cause of action presents a federal question, the Court examines the plaintiff's well-pleaded complaint. *See Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) ("'[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908))). "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A plaintiff cannot evade the well-pleaded complaint rule by using the declaratory judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008) (citing *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999) (citing *Louisville & Nashville R.*, 211 U.S. at 152)).

The Complaint (Dkt. 1) does not identify which specific state laws it requests the Court to declare as preempted by Section 1926(b). North Collin argues:

> Because North Collin does not know why [Princeton] believes it is allowed to serve water to customers within North Collin's CCN, North Collin cannot possibly list the rules or laws that [Princeton] claims support their encroachment. That is the reason we have the discovery process in litigation. To the extent [Princeton] attempts to encroach on territory due to any future decertification by the [PUC]

17

under the Texas Water Code, those are the sort of local or state laws that would be preempted.

Dkt. 17 at 22. Clearly, North Collin anticipates Princeton will assert that some state law(s) allow(s) Princeton to take the actions North Collin alleges Princeton has taken or intends to take, and North Collin raises the anticipatory defense that Section 1926(b) preempts whichever laws North Collin will invoke. Under the well-pleaded complaint rule, such an anticipatory invocation of Section 1926(b) is insufficient to establish federal question jurisdiction.[9]

### D. Leave to Amend

North Collin requests that, if the Court finds that any of North Collin's claims have been insufficiently pleaded, the Court allow North Collin leave to amend its Complaint (Dkt. 1). *See* Dkt. 17 at 24.

North Collin does not have the right to amend its pleading as a matter of course. *See* FED. R. CIV. P. 15(a)(1). Nevertheless, in all other cases of pretrial amendment, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]here is a strong presumption in favor of granting leave to amend." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (citation omitted). "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case[.]" *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73

---

[9] The Court notes that, in the context of preemption, there are exceptions to the well-pleaded complaint rule. *See, e.g.*, *New Orleans & Gulf Coast Ry.*, 533 F.3d at 330; *Hoskins*, 343 F.3d at 773. However, as North Collin does not make any such arguments, the Court does not consider whether an exception may apply.

(5th Cir. 2000) (citation omitted). "Futility" means that "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873 (collecting cases).

Because North Collin has not yet had an opportunity to amend the Complaint (Dkt. 1), the Court recommends allowing North Collin the opportunity to do, with the exception of its Section 1983 claim, in order to address the deficiencies identified in this Report. As has been discussed, under binding Fifth Circuit precedent, North Collin cannot bring a Section 1983 claim. Accordingly, any amendment to North Collin's Section 1983 claim would be futile.[10]

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt.12) be **GRANTED IN PART** and **DENIED IN PART** as follows:

- The request for relief sought under Rule 12(b)(1) be **DENIED**.

- The request for relief sought under the first-to-file rule be **DENIED** and this case be **STAYED** pending final judgment in 1:21cv807-DAE.

- The request for relief sought under Rule 12(b)(6) be **GRANTEED IN PART** and **DENIED IN PART** as follows: the request for relief as to North Collin's Section 1983 claim be **GRANTED**, and otherwise be **DENIED WITHOUT PREJUDICE**.

The Court further recommends that the parties have fourteen (14) days after final judgment in 1:21cv807-DAE to notify this Court of said final judgment.

The Court further recommends that, after the stay is lifted, North Collin have thirty (30) days to file an amended complaint, in order to address the deficiencies identified in this Report, and Princeton have twenty-one (21) days following the service of the amended complaint to file an answer or otherwise respond to the amended complaint.

---

[10] Because the Court recommends finding that, under Rule 12(b)(6), much of the Complaint (Dkt. 1) is deficient, and further recommends that North Collin be given the opportunity to amend the Complaint (Dkt. 1), the Court does not reach Princeton's additional arguments pursuant to Rule 12(b)(6) or its arguments pursuant to Rules 12(b)(7) and 12(e).

19

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 14th day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE