# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **NORTH COLLIN SPECIAL UTILITY DISTRICT,** *a political subdivision of the State of Texas* | § § § § | |
| v. | § | NO. 4:23-CV-00002-ALM-BD |
| **MERITAGE HOMES OF TEXAS, LLC** | § § § | |
| v. | § § | |
| **CITY OF PRINCETON, TEXAS** | § | |

## ORDER

The parties' Rule 26(f) report, Dkt. 57, raises issues that should be resolved before the court issues a scheduling order. The City of Princeton, Texas, states that North Collin Special Utility District "seek[s] injunctive relief from unidentified state statutes and a declaration that such 'statutes' are void and preempted (Dkt. 1, ¶10), which implicates the State as a necessary party." *Id.* at 8. The parties should inform the court whether Federal Rule of Civil Procedure 5.1 applies and, if it does, what efforts any party has made to satisfy its requirements. The city also identifies unnamed customers as other potential parties. *Id.* at 9. The court requires further explanation.

The parties also identify *North Collin Special Utility District v. City of Princeton*, No. 4:25-CV-00052-ALM-BD (E.D. Tex.), as a related case. There, the utility district and the city have suggested consolidation with this case. No. 4:25-CV-00052-ALM-BD (E.D. Tex.), Dkt. 18 at 13. Consolidation may be appropriate, given that this case is partially stayed pending resolution of a third related suit in the Western District of Texas, *North Collin Special Utility District v. Lake*, No. 1:21-CV-00807-DAE, and the resolution of all three suits depends, in part, on the validity of the same settlement agreement. The court requires briefing on that point, too.

It is **ORDERED** that, within 14 days of the entry of this order, the parties file a joint advisory informing the court:

1) whether the case may properly move forward without the identified potential parties;

2) whether the requirements of Rule 5.1 have been or will be satisfied;

3) whether consolidation is appropriate; and

4) whether there is any other issue the court should resolve before it issues a scheduling order.

The advisory must set out the parties' respective positions regarding each issue and cite any relevant authorities.

So **ORDERED** and **SIGNED** this 30th day of June, 2025.

_____
Bill Davis
United States Magistrate Judge